Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3325 | **DATE** | 6/5/2000 |
| **CASE TITLE** | Krzystzof Glowacki vs. G and J Plastering Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because as a matter of certainty "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. 1447(a)), the just-quoted statute mandates remand, and this Court so orders. And as permitted by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith. This action is ordered remanded to the Circuit Court of Cook County.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 06 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | JUN 06 2000 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRZYSTZOF GLOWACKI, et al, etc., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> G AND J PLASTERING COMPANY, INC., ) <br> et al., ) <br> ) <br> Defendants. ) | No. 00 C 3325 |

DOCKETED
JUN 0 6 2000

MEMORANDUM OPINION AND ORDER

G and J Plastering Company, Inc. ("G and J") and George Palicsek have filed a timely Notice of Removal ("Notice") to bring to this District Court from the Circuit Court of Cook County a putative class action brought against them by G and J employees Krzysztof Glowacki and Jozef Omylak as proposed class representatives. But because the Notice improperly characterizes the Complaint's exclusively state law claim as a federal claim, this Court sua sponte remands this action to the state court of origin for lack of subject matter jurisdiction.

There is nothing more fundamental to federal jurisprudence than the principle that federal courts are courts of limited jurisdiction, competent to entertain actions solely as Congress prescribes. And a close corollary to that principle is the famous aphorism by Justice Holmes in The Fair v. Kohler Die &

Specialty Co., 228 U.S. 22, 25 (1913):

> Of course the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a "suit arising under"...[any] law of the United States by his declaration or bill.

That doctrine of self-determination is limited only by (1) the concept that an "artful pleader" will not be allowed to frame an inherently federal claim in deceptively different terms and (2) the principles of field preemption, under which certain claims are viewed as necessarily implicating one of a few specific statutes, including the Labor Management Relations Act ("LMRA").

But in this instance the Complaint is expressly based on alleged violations of an Illinois statute, the Illinois Minimum Wage Act, 820 ILCS 105/1 to 101/15. It does not lie in defendants' mouths to assert, as they do, that plaintiffs' claim is advanced instead:

1. under LMRA §301(a)(20 U.S.C. §185(a)), which grants federal jurisdiction over suits for violation of contracts such as collective bargaining agreements, not for statutory violations;

2. under the Federal Arbitration Act, which is universally held not to be a substantive source of federal jurisdiction;

3. under some unidentified provision of the National Labor Relations Act; or

4. under the federal Fair Labor Standards Act (plaintiffs might perhaps have invoked rights under that statute, but they did not--and that omission appears entirely deliberate and is entirely principled).

In sum, the seminal pronouncement in The Fair controls: Plaintiffs have opted to bring an exclusively state law claim, and defendants have no right to challenge that choice. Because as a matter of certainty "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. §1447(c)), the just-quoted statute mandates remand, and this Court so orders. And as permitted by this District Court's LR 81.2(b), the Clerk is ordered to mail the certified copy of the remand order forthwith.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date:  June 5, 2000